**DOBSON & JOHNSON, INC.,**
Plaintiff-Appellee,

v.

**John VON WEILAND,**
Defendant-Appellant.

Supreme Court of Tennessee,
at Nashville.

Dec. 20, 1982.

Franklin D. Brabson, Nashville, for defendant-appellant.

I.C. Waddey, Jr., Nashville, for plaintiff-appellee.

## OPINION

BROCK, Justice.

This is an action by the holder of a check to recover thereon from the payee-endorser.

The appellant, John von Weiland, listed his home for sale with Dobson & Johnson, a general realty company. An out-of-state buyer was procured and buyer and seller signed a sales contract. One thousand dollars ($1,000.00) in earnest money was paid to the appellee-broker. This sales contract provided that seller would pay a commission of six per cent of sales price to the broker. On the date of the closing, the buyer

presented an uncertified personal check for $7,000.00 made payable to the seller to cover the balance the purchaser was obligated to pay. The closing took place on a Friday and von Weiland was not present. The agent handling the closing sought advice concerning the uncertified check because it was contrary to the established policy of Dobson & Johnson to accept an uncertified instrument at closing. The closing agent was told to present the check to appellant for his endorsement on the following Monday and then to deposit the check and wait until it cleared the bank before making the necessary disbursements.

The closing agent attempted to comply with these instructions; however, the appellant was anxious to receive his share of the proceeds on Monday and, so, he went to the president of Dobson & Johnson, which was also his employer, to request a waiver of the requirement that he wait until the check cleared the bank before he could receive his disbursement; the president acquiesced. The transaction was closed and von Weiland, after making a blank endorsement of the check to Dobson & Johnson, received approximately four thousand dollars ($4,000.00) out of this settlement.

The check bearing appellant's endorsement was subsequently returned by the bank with a notation that payment had been stopped; this suit was instituted after appellant informed Dobson & Johnson he was unable to make the check good.

I

We first consider a problem respecting the record. The trial court determined that the appellant, von Weiland, was liable to the appellee for six thousand nine hundred dollars ($6,900.00) as endorser of the check. On April 26, 1979, an order was entered that reflected the decision of the trial court, and granted the appellant ninety days in which to prepare and file his bill of exceptions. The services of a court reporter or stenographer were not utilized at trial and this necessitated the preparation of a narrative statement of the evidence. The appellant submitted a purported bill of excep-

tions to the court for approval within the ninety-day time period; however, the appellee filed objections to the bill of exceptions prepared by appellant, claiming that it was factually inaccurate. The trial court chose not to approve appellant's version of the facts and directed the appellee to prepare a bill of exceptions. A period of months then ensued and finally, on June 25, 1980, the appellee filed another bill of exceptions as instructed by the court. On August 1, 1980, the trial judge approved the appellee's narrative bill of exceptions and authenticated the exhibits.

In the Court of Appeals, the appellant asserted that the trial judge committed error because he approved and authenticated the bill of exceptions submitted by appellee. The gist of appellant's argument was that the bill of exceptions prepared by appellee was filed after the ninety-day limit set forth in T.C.A., § 27–1–111, and, therefore, should not have been considered. The Court of Appeals rejected this argument, apparently reasoning that the bill of exceptions filed by the appellant tolled the time limit established in T.C.A., § 27–1–111. The facts support this conclusion because once a bill of exceptions is filed it is up to the trial judge to "make such changes in the bill of exceptions or wayside bill of exceptions, if any, as the truth requires." T.C.A., § 27–1–110. The trial judge in the instant case, after reviewing appellant's bill of exceptions, found it necessary to "make changes" and directed the appellee to assist him in this task by preparing a supplemental bill of exceptions. The only reference to time in T.C.A., § 27–1–110, requires that the trial judge approve and authenticate a bill of exceptions "as soon as practicable after the filing thereof . . . ."

The Court of Appeals found no error by the trial court in affixing the certificate of approval upon the bill of exceptions, despite the lengthy delay by appellee in submitting it. That issue has not been raised in this Court; therefore, the bill of exceptions prepared by the appellee and certified by the

trial court along with the technical record constitutes the record on appeal.[1]

## II

■ Appellant contends, because the buyer ordered that payment be stopped on the $7,000.00 check, that the contemplated sale was null and void due to a want of consideration. Appellant then asserts that because there is a want of consideration he is not liable for the real estate commission paid by the broker to itself and to its sales agent.

The Court of Appeals held that the appellant did receive consideration for his endorsement and transfer of the check to Dobson & Johnson in the form of disbursements of cash from its own funds, as directed by defendant, including a payment of $4,000.00 to defendant. We agree; the consideration which the appellant claims has failed was with respect to the sales contract between himself and the drawer of the check, the buyer. That defense cannot be raised by the appellant in the case at bar because he is being sued on the contract created by this unqualified endorsement. T.C.A., § 47–3–414(1).

"As a general rule the defense of want or failure of consideration relates only to consideration for the particular contract under which obligation is asserted. Thus, consideration for a note and consideration for an indorsement thereon after execution are quite distinct, and whether the note itself is without consideration is immaterial to the indorser, and it is immaterial to the maker that the transfer of the note by the payee to the transferee is without consideration." 11 Am.Jur.2d Bills and Notes § 659 (1963).

The appellant has asserted that a failure of consideration on the sales contract entitles him to raise the defense of failure of consideration against his endorsee. The obligation underlying Dobson & Johnson's cause of action, however, was created by appellant's endorsement; therefore, failure of consideration on the real estate sales contract is not available to appellant as a defense because it does not relate to the particular contract under which the obligation is asserted.

■ Moreover, even if defendant's assertion be treated as a counterclaim, as permitted under Rule 8.03, it avails him nothing because a broker, who agrees for compensation to procure a purchaser of land, has earned his commission when he effects a valid written contract for sale, upon terms and with a purchaser acceptable to the owner; neither the purchaser's refusal to perform his contract on grounds not imputable to the broker's fault, nor the voluntary failure of the vendor to compel him to do so, will defeat the broker's claim for commission. Parker v. Walker, 86 Tenn. 566, 8 S.W. 391 (1888); 12 Am.Jur.2d Brokers § 204 (1964). Contra: Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 236 A.2d 843, 30 A.L.R.3d 1370 (1967).

## III

■ Appellant also raises the following issue: Can the trial court give judgment for the plaintiff-appellee where there has been a finding by said court of gross negligence by said plaintiff-appellee? It does appear that the trial court adjudged the appellee guilty of gross negligence in deviating from its policy of only accepting certified checks during closing transactions. The appellant contends that Dobson & Johnson was under a duty to exercise reasonable skill and care, and that this duty was breached by failure to obtain certified funds.

The Court of Appeals, however, concluded "that the record before the Court does not support the Trial Judge's conclusion that Dobson & Johnson was grossly negligent in handling this transaction." We affirm that conclusion. The record reveals that the uncertified check was accepted by the appellee, but only with the stipulation that no disbursements be made until the

---

1. Since the inception of this litigation, T.C.A., §§ 27–1–110 and 27–1–111, have been repealed and bills of exception are abolished. When no stenographic report or transcript of the evidence is available, T.R.A.P., Rule 24, now governs preparation of the record on appeal.

check cleared. It was only at appellant's insistence that he received the four thousand dollars ($4,000.00). Appellant was an employee of Dobson & Johnson and requested that he receive favored treatment because of that status. Acquiescence in that request by Dobson & Johnson does not constitute gross negligence; no duty toward appellant was violated in this regard.

■ Moreover, as the Court of Appeals said, "The plaintiff's cause of action against the defendant is on his contract undertaken by his endorsement of the check. The negligence of Dobson & Johnson, if any, would not be a defense to that action on the contract."

### IV

The defendant's claim that he was not given credit by the trial court for the one thousand dollars ($1,000.00) earnest money paid to the plaintiff, Dobson & Johnson, is not borne out by the record.

For the foregoing reasons, we affirm the decision of the Court of Appeals. Costs are taxed against appellant, von Weiland and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.